C O P Y

Honorable C. C. Murdock
County Attorney
Menard County
Menard, Texas

Dear Sir:

Opinion No. O-3090
Re: Authority of County Court
to accept pleas of guilty and
impose sentence in vacation.

This will be in reference to your letter of January
24, 1941, requesting the opinion of this Department as to the
authority of the County Court to accept pleas of guilty and
impose sentence in vacation.

As stated in 11 Tex. Jur., p. 816:

"The general rule is that all judicial busi-
ness must be transacted by a court in term time and
that only such business can be disposed of in va-
cation as is expressly authorized by the constitution
and statutes under which the court exists, and that
a judge after adjournment may not, without express
authority, take any action or render any order what-
ever."

Article 518 of the Code of Criminal Procedure provides:

"A plea of guilty in a misdemeanor case may
be made either by the defendant or his counsel in
open court. In such case, the defendant or his
counsel may waive a jury, and the punishment may
be assessed by the court, either upon or without
evidence, at the discretion of the court."

In Ex parte Cole, 51 Tex. Crim. Rep. 165, 101 S.W.
249, the question was as to the validity of a statute specifi-
cally allowing the County Court to hold special terms in
which to accept pleas of guilty. The Court struck down the
statute as unconstitutional under Sections 17 and 29 of Article

5 of the Texas Constitution and held that pleas of guilty may be accepted by the Court only during a regular term. See also Ex parte Collins, 79 Tex. Crim. Rep. 436, 185 S. W. 880; and Kirk vs. State, 60 Tex. Crim. Rep. 172, 151 S. W. 414.

In Ex parte Bills (Ct. of Cr. App., 1937) 133 Tex. Crim. Rep. 388, 111 S. W. (2d) 369, and Ex parte Jones (Ct. of Crim App., 1937) 133 Tex. Crim. Rep. 402, the Court of Criminal Appeals held invalid judgments of conviction in the County Court for misdemeanors and in each instance said:

"Suffice it to say that it appears from the record herein that appellant's convictions occurred on dates when the Court was in vacation. It follows that the judgments of conviction are void."

Consequently, it is the opinion of this Department and you are advised that a plea of guilty to a misdemeanor charge should be made in open court and the County Court is not authorized to accept pleas of guilty and render judgments of conviction in vacation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By S.
James D. Smullen
Assistant

JDS:JS

Approved Feb. 7, 1941

By S.
GERALD C MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE

BY S.
B&B

OK
WRK